Botsford, J.
After hearing, and on the affidavits and other materials submitted in connection with the cross motions for summary judgment, it is ordered as follows:
1. The motion for summary judgment of the defendant Fraser Engineering Company (the Company) on count I of the complaint is allowed. It is undisputed that Turner was an at-will employee, and subject to the Company’s alcohol and drug policy. That policy provides in Section IV. C. (1) that“[a]ny individual who, in the Company’s judgment, could have contributed to an accident, shall be tested no later than thirty-two hours after a reportable accident.” This language, particularly when read in conjunction with Section IV. C. (3), is properly read to mean that an individual must be tested when the Company so demands (after the Company has formed the requisite judgment about the employee’s possible role in an accident), but the Company may not make such a demand more than 32 hours after a reportable accident.[2]
There is no dispute here that the Company did make a demand that Turner undergo alcohol and drug testing pursuant to its policy within 32 hours of a reportable accident in which Turner injured his back. Nor does Turner disagree that he refused to be tested when the demand was made. The Company’s employee handbook — which Turner had received soon after beginning employment, and with which he was familiar — specifically provides that the refusal of an employee to comply with the requirements of the alcohol and drug policy may result in the employee’s immediate discharge. (Employee handbook, p. 13.)
“The general rule is that an employment-at-will contract can be terminated at any time for any reason or for no reason at all.” Folmsbee v. Tech Tool Grinding & Supply, Inc., 417 Mass. 388, 394 (1994). Nevertheless, at-will employees in certain circumstances may challenge terminations which violate public policy, *155 and Turner claims that his discharge violated public policy because it contravened the Fourth Amendment, art. 14 of the Massachusetts Declaration of Rights and the Massachusetts Civil Rights Act, G.L.c. 12, §11H. The claim must fall. The Company is a private employer, and its actions do not implicate the Fourth Amendment or art. 14. Folmsbee, supra, 417 Mass. at 391. See Bally v. Northeastern Univ., 403 Mass. 713, 717 n.3 (1989). As a result, the Company also cannot violate the Civil Rights Act on the basis of an alleged violation of the right to be free from unreasonable searches and seizures, and Turner does not argue any other grounds. See Folmsbee, 417 Mass. at 391-92.
Turner contends that the reason articulated by the Company for his discharge in this lawsuit is pretext because it adds his pattern of unexplained absences as a reason,[3] even though the termination letter he received focused solely on his refusal to undergo alcohol and drug testing.[4] While the letter does not mention the absences, the summary judgment record indicates without dispute that they occurred, and that the employee handbook listed excessive absences as a possible reason for discharge. In these circumstances, the record defeats a claim of pretext. Rather, what is shown without dispute is that Turner was discharged as an at-will employee for a reason or reasons that were within the Company’s right to act on.
2. The parties agree that the motion for summary judgment of F. Lester Fraser on count II of the complaint should be allowed.
ORDER
For the foregoing reasons, the motion for summary judgment of the defendants Fraser Engineering Company, Inc. and F. Lester Fraser is allowed; and the cross motion for summary judgment of the plaintiff Joseph Turner is denied.

 Nile interpretation of the provisions of the alcohol and drug policy at issue here presents a question of law for the court.

 See affidavit of F. Lester Fraser, ¶18.

 See exhibit C to plaintiffs summary judgment memorandum; Fraser affidavit, exhibit 6.